**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| **Elizabeth Felder,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) )   Case No.: 3:21-cv-00317-MGL-PJG |
| **TD Bank US Holding Company,** | ) ) ) |
| **Defendant.** | ) ) ) |

**NOTICE OF REMOVAL**

Defendant TD Bank US Holding Company submits this Notice of Removal to the United States District Court for the District of South Carolina, Columbia Division. In support of removal, Defendant shows as follows:

1. Plaintiff filed a civil action against Defendant in the Court of Common Pleas for Lexington County, South Carolina, on December 17, 2020, docketed as Case No. 2020-CP-32-4181.

2. Defendant received service of the Summons and Complaint on January 4, 2021, through certified mail to Defendant's registered agent for service of process.

3. This Notice of Removal is being filed and served within thirty (30) days of Defendant's receipt of the Summons and Complaint in accordance with 28 U.S.C. §1446(b).

4. A copy of all process and pleadings served upon Defendant are attached hereto as Exhibit 1 in accordance with 28 U.S.C. § 1446(a).

5. A copy of this Notice of Removal is being filed with the Clerk of the Lexington County Court of Common Pleas and served upon Plaintiff, as required by 28 U.S.C § 1446(d) and Local Civil Rule 83.IV.01 DSC.

1

**Federal Question Jurisdiction**

6.  This Court has original jurisdiction over this action by virtue of 28 U.S.C. § 1331 because it involves claims arising under the laws of the United States. More specifically, this Court has original jurisdiction of this action because all of Plaintiff's alleged claims allege violations of Federal statutes—the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. (Compl. ¶¶ 65-106.)

7.  Therefore, this action could originally have been brought before this Court pursuant to 28 U.S.C. § 1331 and may be removed by Defendant pursuant to 28 U.S.C. § 1441.

**Diversity Jurisdiction**

8.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, the amount in controversy exceeds $75,000 (exclusive of interest and costs), and Defendant is not a citizen of the State in which the action was brought.

9.  On information and belief, including the allegations set forth in Paragraph 1 of the Complaint, Plaintiff is a citizen and resident of the State of South Carolina, was at the time of the filing of the Complaint, and has been at all intervening times.

10. As acknowledged in Plaintiff's Complaint, Defendant is a corporation organized under the laws of Delaware that maintains its principal place of business in New Jersey.

11. Although Plaintiff's claims seek unspecified damages, it is facially apparent from the Complaint that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12. This Court has made clear that "[t]he amount in controversy is determined by considering the judgment that would be entered if [Plaintiff] prevailed on the merits of the case as it stands at the time of removal." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC,

2011 U.S. Dist. LEXIS 11634, *4 (D.S.C. Feb. 4, 2011). "According to the United States Supreme Court, where both actual and punitive damages are allegedly recoverable under a complaint, 'each must be considered to the extent claimed in determining jurisdictional amount.'" *Id.* at *5 (quoting *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)).

13.     Under her claims, Plaintiff is seeking to recover all of the following types of damages: back pay, front pay, punitive damages, liquidated damages, and compensatory damages. (Compl. ¶¶ 71, 78, 83, 88, 95, 102, 106 & Prayer for Relief).

14.     The types of damages Plaintiff is seeking herein are similar to unspecified damage claims that this Court and the United States Court of Appeals for the Fourth Circuit have held to be sufficient to establish the amount in controversy requirement. *See Mattison*, 2011 U.S. Dist. LEXIS 11634 at *6 ("As in the instant case, the complaint at issue in *Ellenburg*, 'sought actual incidental, consequential, and punitive damages on the common law claims . . . [t]he complaint, however, stated no dollar amount . . . of damages claimed.'") (quoting *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)).

15.     Plaintiff's "request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for [Plaintiff] to prove [she] could not possibly recover the jurisdictional limit were [she] to prevail at trial." *Id.* at *10; *see also Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) ("[Plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount.").

16.     In removal actions, a defendant need only allege a short and plain statement establishing the amount in controversy. *See Mattison*, 2011 U.S. Dist. LEXIS 11634 at *6-8 (holding that a defendant's obligations regarding establishing the jurisdictional amount is

3

essentially the same as a plaintiff's jurisdictional pleading standards in a complaint) (citing *Ellenburg*, 519 F.3d at 200). Defendant has satisfied this requirement. Accordingly, the amount in controversy exceeds $75,000.

17.     Based on the presence of complete diversity between the parties and the establishment of the amount in controversy requirement, this action could have originally been brought before this Court pursuant to 28 U.S.C. § 1332 and may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant prays that the action now pending in the Lexington County Court of Common Pleas be removed to the United States District Court of the District of South Carolina, Columbia Division.

Dated this 2nd day of February, 2021.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

By:   /s/Lucas J. Asper
Lucas J. Asper (Fed. ID 10588)
M. Brooks Miller (Fed. ID 11527)
300 North Main Street, Suite 500
Greenville, South Carolina 29601
Phone: (864) 271-1300
Fax: (864) 235-4754
lucas.asper@ogletree.com
brooks.miller@ogletree.com

Attorneys for Defendants

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served on Plaintiff Elizabeth Felder by depositing a copy hereof in the U.S. Mail, postage prepaid, on the 2nd day of February, 2021, to her address of record as shown:

Elizabeth Felder
318 Heatherstone Road
Columbia, South Carolina 29212

                                                  /s/Lucas J. Asper

45753200.1