## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| **Elizabeth Felder,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: 3:21-cv-00317-MGL-PJG |
| ) | |
| **TD Bank US Holding Company,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### DEFENDANT'S MOTION TO DISMISS

Defendant TD Bank US Holding Company, ("TD Bank"), submits this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Three of the seven claims in Plaintiff Elizabeth Felder's ("Felder") Complaint (ECF No. 1-1) are subject to dismissal based on Felder's failure to exhaust her administrative remedies. TD Bank shows as follows in support of this Motion:

**Three of Felder's Claims—Race Discrimination under Title VII, Retaliation under Title VII, and Failure to Accommodate under the ADA—are beyond the Scope of Her EEOC Charge and Subject to Dismissal.**

1. Before a plaintiff can bring a formal suit alleging federal discrimination claims subject to the EEOC investigatory process, "[s]he must file an administrative charge with the [EEOC]. This charge frames the scope of future litigation." *Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005). "If 'the claims raised [in the lawsuit] exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.'" *Id.* at 509 (quoting *Dennis v. County of Fairfax*, 55 F.3d 151,

---

[1] TD Bank submits this Motion without a supporting memorandum in accordance with Local Civil Rule 7.04 DSC, as "a full explanation of the motion as set forth in Local Civil Rule 7.05 is contained within the motion and a memorandum would serve no useful purpose."

1

156 (4th Cir. 1995)). "Consequently, '[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.'" *Id.* (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996)). "Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a [covered federal discrimination] claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (emphasis added).

2. Felder filed a charge of discrimination with the Equal Employment Opportunity Commission alleging only (1) disability discrimination under the Americans with Disabilities Act ("ADA"), and (2) retaliation related to her alleged ADA claim. (Exhibit 1).[2]

3. Felder's Complaint now attempts to assert claims for race discrimination and retaliation under Title VII (ECF No. 1-1 at ¶¶ 65-71, 79-83)—neither of which claims were included in her charge. Neither Title VII nor race are identified as bases for the charge on the notice or mentioned in any way in the charge (Exhibit 1), preventing TD Bank and the investigative agencies from having any notice of such claims or including them within the scope of the investigation. These claims are thus subject to dismissal as a matter of law.

4. Similarly, Felder's Complaint alleges a claim under the ADA for an alleged failure to provide reasonable accommodation (ECF No. 1-1 at ¶¶ 96-102), but there was no such contention in her charge. While Felder's charge included a claim of disability discrimination and disability-related retaliation—alleging that she was purportedly treated differently on the basis of her disability—it includes no claim that Felder required, requested, or was denied any type of accommodation. (Exhibit 1.) Here again, this prevented TD Bank and the investigative agencies from having any notice of such a claim or including it within the scope of the investigation.

---

[2] A true and correct copy of Felder's sworn EEOC charge is attached as Exhibit 1 to this Motion.

Accordingly, the claim for "Failure to Provide a Reasonable Accommodation under the ADA" is also subject to dismissal.

5. Because Felder did not include in her charge any (a) race discrimination or retaliation claims under Title VII, or (b) claims or contentions regarding an alleged failure to accommodate under the ADA, this Court is "deprive[d] . . . of subject matter jurisdiction over the claim[s]," rendering Felder's First, Third, and Sixth Causes of Action subject to dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *Jones*, 551 F.3d at 300.

WHEREFORE, TD Bank requests that the Court grant this Motion, dismiss the First, Third, and Sixth Causes of Action in Felder's Complaint, and order Felder to amend her Complaint by omitting the improper claims and related allegations.

Dated this 4th day of February, 2021.

                                            Respectfully submitted,

                                            OGLETREE, DEAKINS, NASH,
                                              SMOAK & STEWART, P.C.

By:   /s/Lucas J. Asper
       Lucas J. Asper (Fed. ID 10588)
       M. Brooks Miller (Fed. ID 11527)
       300 North Main Street, Suite 500
       Greenville, South Carolina 29601
       Phone: (864) 271-1300
       Fax: (864) 235-4754
       lucas.asper@ogletree.com
       brooks.miller@ogletree.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Motion to Dismiss has been served on Plaintiff Elizabeth Felder by depositing a copy hereof in the U.S. Mail, postage prepaid, on the 4th day of February, 2021, to her address of record as shown:

Elizabeth Felder
318 Heatherstone Road
Columbia, South Carolina 29212

                /s/Lucas J. Asper

45752932.1

4