

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ELIZABETH FELDER,<br>          Plaintiff,<br><br>vs.<br><br>TD BANK US HOLDING COMPANY,<br>          Defendant. | §<br>§<br>§<br>§   Civil Action No. 3:21-00317-MGL<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff Elizabeth Felder (Felder), proceeding pro se, filed this lawsuit against her former employer, TD Bank US Holding Company (TD Bank), alleging claims of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq.; race discrimination and retaliation under 42 U.S.C. § 1981; and disability discrimination, failure to accommodate, and retaliation pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting TD Bank's partial motion to dismiss Felder's complaint be granted as to the race discrimination and retaliation claims pursuant to Title VII, but denied as to the failure to accommodate claim under the ADA. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 29, 2021, and the Clerk of Court docketed Felder's pro se objection to the Report on April 9, 2021.  The Court has reviewed the objection, but holds it to be without merit.  It will therefore enter judgment accordingly.

Felder previously worked at TD Bank as a Loan Processor IV.  While employed at TD Bank, Felder filed a charge of discrimination with the Equal Opportunity Commission (EEOC), alleging disability discrimination under the ADA and retaliation related to her alleged ADA claim. Felder also filed a charge of discrimination with the South Carolina Human Affairs Commission (SCHAC) alleging disability discrimination under the ADA and retaliation related to her alleged ADA claim.  Felder's charges with the EEOC and SCHAC failed to mention race.  After Felder received her Notice of Right to Sue from the EEOC, she filed the underlying lawsuit against TD Bank.

The Court, liberally construing Felder's pro se objection, identifies a single objection. Felder objects to the Magistrate Judge's recommendation the Court grant TD Bank's motion to

dismiss her race discrimination and retaliation claims pursuant to Title VII due to her failure to exhaust her administrative remedies.

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." *Id.* "If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit." *Id.*

"Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). Accordingly, when a discrimination claim "exceed[s] the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

Furthermore, when a claim raised in federal court involves a different form of an unlawful employment practice than the one checked in the administrative charge, the Fourth Circuit has held the plaintiff failed to exhaust her administrative remedies. *See Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002) (concluding claims of color and sex discrimination in a complaint were precluded for failure to exhaust administrative remedies when the "EEOC charge alleges that [the employer] discriminated against him based upon his race."); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), *abrogated on other grounds by Fort Bend Cnty. Tex. v. Davis*, 139 S.Ct. 1843 (2019) ("Thus, a claim in formal litigation will generally be barred

3

if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex.").

Here, as noted by the Magistrate Judge, "Felder checked the boxes for retaliation and disability discrimination on her [EEOC] and [SCHAC] charge of discrimination forms." Report at 5. But, Felder failed to check the box for race-related discrimination, and her written description on the EEOC and SCHAC forms failed to mention race. Felder, in her objection, points to the fact she sent a letter to the EEOC during the investigation process that raised claims of race-related discrimination. The Magistrate Judge previously rejected this argument. *See* Report at 6 ("Felder's unilateral reference in a letter to claims not raised in her charge of discrimination is not sufficient to put the defendant on notice that those claims are part of the EEOC investigative process.").

The Court agrees with the Magistrate Judge's sound legal analysis and concludes Felder's letter to the EEOC referencing claims not raised in her charge of discrimination results in her failing to meet the administrative exhaustion requirement as to her race-related claim. *See, e.g., Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) (noting "it would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it."). Consequently, Felder's objection will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Felder's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court TD Bank's motion to dismiss Felder's complaint is **GRANTED IN PART** and **DENIED IN PART**. Specifically, TD Bank's motion to dismiss

Felder's race discrimination and retaliation claims pursuant to Title VII is **GRANTED** and TD Bank's motion to dismiss Felder's failure to accommodate claim under the ADA is **DENIED**. All Felder's other claims remain pending.

**IT IS SO ORDERED.**

Signed this 14th day of May 2021, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.